Joe Dolan Executive Director Colorado Department of Highways 4201 E. Arkansas Avenue Denver, Colorado 80222
Dear Mr. Dolan:
This opinion letter is in response to your letter of March 25, 1986 in which you inquired about the applicability of article V, section 8 of the Colorado Constitution to members of the Highway Commission, Regional Transportation District, and Denver Regional Council of Governments, and whether the General Assembly could abolish those entities and transfer their powers to a legislative group.
Your letter does not indicate the interest, if any, of the Highway Department in the answers to the questions as they pertain to the Regional Transportation District and the Denver Regional Council of Governments. Therefore, I will address the questions only as they pertain to the Highway Commission.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Are members of the Colorado Highway Commission within the purview of Colo. Const. art. V, § 8?
Yes.
2. May the General Assembly abolish the Colorado Highway Commission, and transfer its powers to a legislative group of less than full membership of both houses?
No.
ANALYSIS
1. Article V, section 8 of our state constitution provides that no Senator or Representative shall, while serving as such, be appointed to any civil office under this state. The prohibition applies to appointive, not elective, offices. Carpenter v.People ex rel. Tilford, 8 Colo. 116, 5 P. 828 (1884).
Highway commissioners are appointed. Section 43-1-103, C.R.S. (1984). Therefore, a Senator or Representative could not serve as a highway commissioner.
2. The State Highway Commission was created by the General Assembly, which delegated to it the power to formulate and implement the general policy of the state with respect to the management, construction and maintenance of state highways.State Highway Commission v. Haase, 189 Colo. 69,537 P.2d 300 (1975). The General Assembly has the sole power to enact general laws which formulate the state's public policy.See Denver and Rio Grande Western Railroad Co. v.City and County of Denver, 673 P.2d 354 (Colo. 1983). The legislature could withdraw its previous delegation of power from the Commissioner and delineate, by statute, the policy factors pertaining to the management of state highways; or abolish the Commission and transfer its functions to another executive agency. It could not, however, consistent with the separation of powers doctrine, abolish the Commission and permit a legislative committee to exercise day-to-day management and control over the Department of Highway's implementation of state policy. Seegenerally Colorado General Assembly v. Lamm,704 P.2d 1371, 1389 (Colo. 1985). (The legislature may not reserve powers of close supervision that are essentially executive in character.)
SUMMARY
1. Colo. Const. art. V, § 8 prohibits a member of the General Assembly from being appointed as a Highway Commissioner.
2. While the legislature has authority to abolish and reassign the powers and functions of the Highway Commission to another entity in the executive branch, or to abolish and define, by statute, the policy of the state, it does not have the authority to permit a legislative committee to exercise day-to-day control over the operations of the Department of Highways.
Very truly yours,
 DUANE WOODARD Attorney General
APPOINTMENT HIGHWAYS LEGISLATORS PUBLIC OFFICE
Colo. Const. art. V, § 8
HIGHWAYS, DEPARTMENT OF
Colo. Const. art. V, § 8, prohibits a member of the General Assembly from being appointed as a Highway Commissioner. While legislature has authority to abolish and reassign the powers and functions of the Highway Commission to another entity in the executive branch, or to abolish and define, by statute, the policy of the state, it does not have the authority to permit a legislative committee to exercise day-to-day control over the operations of the Department of Highways.